**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| PASCUAL JIMENEZ MIGUEL; MATIAS JIMENEZ JUAN,<br><br>　　　　　　Petitioners,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>　　　　　　Respondent. | No. 22-168<br><br>Agency Nos.<br>A209-133-909<br>A209-133-910<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2023[**]
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and COLLINS, District Judge.[***]

Pascual Jimenez Miguel and Matias Jimenez Juan ("Petitioners"), natives

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]　The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

and citizens of Guatemala, petition for review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). We deny the petition for review.

1.      Substantial evidence supports the agency's finding that Petitioners failed to show a nexus between their race or membership in the social group of "Akateko men in Guatemala" and the harm they experienced. *See* 8 U.S.C. § 1101(a)(42)(A); 8 U.S.C. § 1231(b)(3)(A). Petitioners failed to present specific evidence that robbers targeted Pascual or that gang members targeted Matias because they are Akateko. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) (noting asylum applicants must show that a protected ground was "one central reason" for the persecutor's actions); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 358 (9th Cir. 2017) (noting withholding of removal applicants must show that a protected ground was "a reason" for the persecutor's actions). Petitioners do not link their indigenous identity to these incidents and instead argue only that indigenous people are generally treated poorly in Guatemala. And an individual's "desire to be free from harassment by criminals motivated by theft or random

violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

2. Substantial evidence supports the agency's finding that Petitioners are not eligible for CAT relief. Petitioners' reliance on the Guatemalan government's general treatment of indigenous people is insufficient to warrant CAT relief. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (explaining that evidence of a risk of torture must be particularized to the applicant and that "generalized evidence of violence and crime . . . is insufficient").

**PETITION DENIED.**